**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| **TONY DONNELL GRANDISON,** | |
| **Plaintiff,** | **Civil Action No. 7:15-cv-00424** |
| | |
| **v.** | **O R D E R** |
| | |
| **J. A. KELLY,** *et al*,, | **By:    Hon. Robert S. Ballou** |
| **Defendant(s).** | **United States Magistrate Judge** |

This matter is before the court upon plaintiff's motion for appointment of counsel in this civil rights action, pursuant to 42 U.S.C. § 1983.  The court cannot require an attorney to represent an indigent civil plaintiff.  See Mallard v. United States D. for S. Dist. of Iowa, 490 U.S. 296, 309 (1989).  However, the court may request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist.  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it.  Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. at 309.  The court finds that plaintiff's circumstances are not sufficiently exceptional to justify appointment of counsel at this time, and it is hereby **ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**.  Plaintiff may renew a motion for appointment of counsel in the event that this case is set for a hearing or trial.

The Clerk shall send a certified copy of this Order to the parties.

**ENTER**: This 17ᵗʰ day of September, 2015.

s/ Robert S. Ballou
United States Magistrate Judge