IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Roanoke Division**

TONY DONNELL GRANDISON, #1076637

    Plaintiff,

v.                                             CIVIL ACTION NO. 7:15-cv-00424

J.A. KELLY, *et al.*,

    Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

On the evening of February 24, 2015, Plaintiff Tony Grandison, an inmate within the custody of the Virginia Department of Corrections, was transported to Wallens Ridge State Prison. Defendants Turner and Kelly were escorting Grandison towards the intake area when he slipped on the ice. Defendants Turner and Kelly also lost their footing, and all three individuals fell to the ground. Defendants Turner and Kelly got up, helped Grandison to his feet, and then went into the prison. Once they arrived at the intake area, Grandison became disruptive, belligerent, and attempted to spit on the officers. Grandison was placed on a bunk, restrained, and then brought under control.

Grandison has now filed suit under 42 U.S.C. § 1983, alleging that Defendants Turner and Kelly used excessive force against him, thereby violating the Eighth Amendment. Specifically, he contends that the officers threw him to the ground, shoved his face in the snow, slammed his head onto the floor at the intake area, and kicked him in the head.

1

Because Grandison fails to bring any specific claims against Defendant Fleming, the claims against Defendant Fleming fail as a matter of law. Moreover, the official-capacity claims against all Defendants should be dismissed. But Defendants Kelly and Turner concede that the individual-capacity claims against them are ill-suited for summary judgment, as those claims necessarily involve the resolution of credibility issues that, in turn, raise genuine issues of material fact. Defendants Kelly and Turner therefore request that the individual-capacity excessive force claims be set for trial.

## STATEMENT OF FACTS

1. Plaintiff Tony Grandison is an inmate within the custody of the Virginia Department of Corrections.[1]

2. Defendants Kelly and Turner are corrections officers at Wallens Ridge State Prison.[2]

3. Defendant Fleming is the warden of Wallens Ridge State Prison.[3]

4. On the evening of February 24, 2015, Grandison arrived at Wallens Ridge State Prison.[4]

5. Defendants Turner and Kelly escorted Grandison towards the intake building at Wallens Ridge.[5]

6. On that evening, there was snow on the ground, and icy patches on the pathway.[6]

---

[1] Ans. ¶ 1.
[2] Ans. ¶ 3.
[3] Ans. ¶ 3.
[4] Ans. ¶ 4.
[5] Ans. ¶ 4.

7. While on the walkway leading to the intake building, Grandison slipped on the ice and fell to the ground. Defendants Turner and Kelly also lost their footing and fell.[7]

8. Defendants Turner and Kelly helped Grandison to his feet, and they proceeded to the intake area.[8]

9. Once Grandison arrived at the intake area, he became disruptive—cursing, acting in a belligerent manner, and attempting to spit on the officers.[9]

10. Defendants Turner and Kelly placed Grandison on the bunk in the intake cell and regained control.[10]

11. Grandison subsequently filed an administrative grievance, which, based upon an investigative review of the rapid-eye surveillance video and incident reports, was deemed unfounded.[11]

## ARGUMENT

A motion for summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Yet, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

---

[6] Ans. ¶ 5.

[7] Ans. ¶ 5.

[8] Ans. ¶ 5.

[9] 4/8/15 Level I Grievance Response (copy attached to Complaint).

[10] *Id.*

[11] *See id.*; *see also* 4/24/15 Level II Grievance Response (copy attached to Complaint).

3

summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court should view the evidence and reasonable inferences that may be drawn therefrom in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255. When, based on the evidence presented, a fair-minded jury could not reasonably find for the plaintiff, summary judgment is appropriate. *See id.* at 252; *EEOC v. Clay Printing Co.*, 955 F.2d 936, 942-43 (4th Cir. 1992).

In his complaint, Grandison alleges that Defendant Kelly "threw [him] face first on the ground," and that Defendants Kelly and Turner then "shoved [his] face in the snow." He further contends that these Defendants "slammed [him] face first to the floor," Defendant Kelly "spat in [his] face," and Defendant Turner "kicked [him] in the head and called him a [racial slur]." Grandison contends that, as a result of this incident, he has neck and back pain, and that he has now "suffered for a long time with emotional distress psychological disorder, paranoia, and mental anguish."

Defendants construe the complaint as alleging that Defendants Kelly and Turner used excessive force against Grandison, in violation of the Eighth Amendment. No specific allegations are brought against Defendant Fleming. For the following reasons, Defendant Fleming requests that the Court enter summary judgment on his behalf. Defendants Kelly and Turner request that this Court enter summary judgment as to the

official-capacity claims against them, but that the remaining individual-capacity claims be set for trial.

### A. Because Grandison fails to identify any alleged wrongdoing on the part of Defendant Fleming, he is entitled to summary judgment.

To state a claim under 42 U.S.C. § 1983, Grandison must show direct personal involvement by each particular defendant. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"); *see also Garraghty v. Va. Dep't of Corr.*, 52 F.3d 1274, 1280 (4th Cir. 1995). Here, Grandison has not identified any alleged misconduct with respect to Defendant Fleming, much less conduct connected to this cause of action.

Without direct personal involvement, the only remaining basis for suit against Defendant Fleming would be under *respondeat superior*, which is not available in actions brought under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[B]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Monell v. Dep't of Social Servs.*, 436 U.S. 658; *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977); *see also Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the sub-agents or servants or other persons properly employed by or under him, in the discharge of his official duties.").

Because Grandison has not alleged any facts from which it could reasonably be inferred that Defendant Fleming had any personal involvement with this action, he has failed to state a claim against him. The allegations in the Complaint utterly fail to put

Defendant Fleming on notice as to what, precisely, he is claimed to have done. Because the Complaint fails to allege any facts from which Defendant Fleming's personal involvement could be established, it fails to state a claim against him. Defendant Fleming, therefore, is entitled to summary judgment. *See Iqbal*, 556 U.S. at 676.

**B. Defendants are not liable in their official capacities.**

Grandison has brought suit against all Defendants in their official and individual capacities. However, neither a state nor its officials acting in their official capacities are persons for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Defendants, in their official capacities, are immune from any request for money damages under § 1983. *Id*. Because the sole relief sought in the complaint is monetary in nature, the official-capacity claims against all Defendants should be dismissed.

**C. The individual-capacity claims against Defendants Turner and Kelly involve genuine issues of material fact.**

Defendants Turner and Kelly concede that the individual-capacity excessive force claims against them involve disputed issues of fact, sufficient to defeat any motion for summary judgment. Although Defendants can produce evidence in their favor, much of this evidence—including the preserved video surveillance footage—is equivocal. Defendants, therefore, cannot argue that Grandison's allegations are "blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law . . . ." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013). Although Defendants Turner and Kelly strongly dispute Grandison's version of events, affidavits to that effect would be countered by the sworn declaration submitted by Grandison. (ECF No. 37.) Considering the totality of the circumstances, counsel is constrained to conclude

6

that moving for summary judgment on these claims, at this juncture, would be futile. *See Blount v. Farmer*, No. 7:14cv00418, 2015 U.S. Dist. LEXIS 93422, at *7 (W.D. Va. July 17, 2015) (denying defendants' motion for summary judgment in an excessive force case where the preserved video footage "neither contradicts [the inmate's] account nor confirms it"); *see also Pronin v. Johnson*, No. 15-6534, 2015 U.S. App. LEXIS 17577 (4th Cir. Oct. 7, 2015) ("While a party cannot withstand summary judgment by relying solely on his own self-serving allegations unsupported by any corroborating evidence, summary judgment should not be made on the basis of conflicting affidavits." (citations omitted)); *Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991) (noting that trial courts should not make credibility determinations in a summary judgment setting).

For these reasons, Defendants Turner and Kelly request that the individual-capacity claims against them be set for trial at the Court's earliest convenience.

## **CONCLUSION**

For the foregoing reasons, Defendant Fleming respectfully requests that this Court enter summary judgment on his behalf and dismiss all claims against him. Defendants Kelly and Turner request that this Court enter summary judgment as to the official-capacity claims against them, and set the individual-capacity claims for trial.

    Respectfully submitted,

    J. KELLY, L. FLEMING, and S. TURNER,
    Defendants.

By:    s/ Margaret Hoehl O'Shea
    Margaret Hoehl O'Shea, AAG, VSB #66611
    Attorney for Defendants
    Criminal Justice and Public Safety Division
    Office of the Attorney General

900 East Main Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2016, I electronically filed the foregoing Memorandum in Support of Motion for Partial Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: Tony Donnell Grandison, #1076637, Wallens Ridge State Prison, P.O. Box 759, Big Stone Gap, Virginia 24219.

s/ Margaret Hoehl O'Shea
Margaret Hoehl O'Shea, AAG, VSB #66611
Attorney for named Defendants
Criminal Justice and Public Safety Division
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
Email: moshea@oag.state.va.us