CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TONY DONNELL GRANDISON, ) | Civil Action No. 7:15-cv-00424 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| J.A. KELLY, et al., ) | By: | Hon. Michael F. Urbanski |
| Defendants. ) | | United States District Judge |

Tony Donnell Grandison, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 against three defendants: Leslie Fleming, the Warden of Wallens Ridge State Prison ("WRSP"), and WRSP Correctional Officers J.A. Kelly and S. Turner. Plaintiff alleges that Officers Kelly and Turner used excessive force in violation of the Eighth Amendment. Defendants filed a motion for partial summary judgment, conceding that the excessive force claims against Officers Kelly and Turner in their individual capacities must be resolved by trial but arguing that Warden Fleming is entitled to summary judgment. After reviewing the record, including Plaintiff's opposition to partial summary judgment, the court grants Defendants' motion and sets the excessive force claims against Officers Kelly and Turner for trial.

Plaintiff alleges that on February 24, 2015, Officers Turner and Kelly threw him to the ground, shoved his face in the snow, slammed his head onto the floor, spat on him, and kicked him in the head, all while he was restrained, without a penological justification, and for the sole purpose to inflict unnecessary pain. More than a month later, Warden Fleming deemed Plaintiff's regular grievance about the alleged attack as unfounded.

Plaintiff did not allege a claim against Warden Fleming in the complaint. See Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991) (finding that § 1983 requires an allegation about a defendant's personal act or omission leading to a deprivation of a federal right). Without alleging personal involvement, the only remaining basis for suit against Warden Fleming would be respondeat superior, which cannot be a basis for liability under § 1983.[1] See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Furthermore, Plaintiff may not recover damages from any defendant in an official capacity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Accordingly, the court grants Defendants' motion for partial summary judgment, and the excessive force claims against Officers Kelly and Turner will be resolved by trial.

ENTER: This 27th day of May, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[1] The court notes that a plaintiff may not amend a complaint through argument in a brief opposing summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009). To the extent a court may construct a claim against Warden Fleming out of Plaintiff's response to the motion for summary judgment, no such claim can be successful. "A superior's after-the-fact denial of a grievance falls far short of establishing § 1983 liability" about a single, isolated event. DePaola v. Ray, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, at *23, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (Sargent, M.J.) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006)). Plaintiff wholly fails to establish any deliberate indifference to constitute supervisory liability. Cf. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Furthermore, claims of negligence are not actionable via § 1983. See, e.g., Whitley v. Albers, 475 U.S. 312, 319 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff does not present a claim of negligence beyond a reliance on labels and conclusions, and the court declines to construct such a claim on his behalf. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

2